UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ARMANN JAMAL JOHNSON, <br><br> Plaintiffs, <br><br> v. <br><br> MICHEAL BERGERSON, et al., <br><br> Defendants. | CAUSE NO. 3:19-CV-865-RLM-MGG |

OPINION AND ORDER

Armann Jamal Johnson, a prisoner without a lawyer, filed this lawsuit. He listed two other plaintiffs on the complaint, but neither signed it. Because no address was provided for either of them, it is impossible for the court to contact them, so they will be dismissed without prejudice. Mr. Johnson will be sent two extra copies of this order so he can give one to each of the purported co-plaintiffs. If either would like to file a lawsuit, they can do so by obtaining a blank copy of the **Prisoner Complaint (INND Rev. 8/16)** form from the jail law library.

The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Johnson is suing two defendants based on events related to how bond was set in his State criminal case. He sues Judge Michael Bergerson because he did not set a reasonable bond. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 359 (1978). Setting bond is within the jurisdiction of a State court judge. Judge Michael Bergerson has immunity and the claim against him must be dismissed.

Mr. Johnson also sues Deputy Prosecutor Elizabeth Boehn because she argued to the State court that Mr. Johnson was a danger to the community. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. Smith v. Power, 346 F.3d 740, 742 (7th Cir. 2003). Arguing to the court about the factors to be considered in a bond decision is part of presenting the State's case. Deputy Prosecutor Elizabeth Boehn has immunity and the claim against her must be dismissed.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed without a motion, *see* Luevano v. Wal-Mart, 722F.3d 1014 (7th Cir. 2013), that is unnecessary where the

2

amendment would be futile. Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Both of these defendants are immune from suit, so amendment would be futile.

For these reasons, the court:

(1) DISMISSES Charles H. Scott and Ronald T. Means, Sr., WITHOUT PREJUDICE;

(2) DIRECTS the clerk to send Armann Jamal Johnson two extra copies of this order so he may give them to Charles H. Scott and Ronald T. Means, Sr.;

(3) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the defendants are immune.

SO ORDERED on October 9, 2019

                                                s/ Robert L. Miller, Jr.
                                                JUDGE
                                                UNITED STATES DISTRICT COURT